UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                     :

DEVI ELIZABETH NAMPIAPARAMPIL, et al.,    :

                             Plaintiff,       :           26-CV-1745 (JAV)

                                     :

        -v-                      :             <u>ORDER</u>

                                     :

                                   :

NEW YORK CITY CAMPAIGN FINANCE BOARD, et :
al.,                                  :

                   Defendants.     :

                                   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

This matter was originally filed in the United States District Court for the Western District of North Carolina.  On March 3, 2026, it was transferred to the United States District Court for the Southern District of New York, ECF No. 28, and on March 4, 2026, it was assigned to the undersigned.

Prior to the transfer of this matter, Plaintiffs filed a motion for the recusal of the Honorable Max O. Coburn, Jr., and the Honorable Susan C. Rodriguez, the judges previously assigned to this matter, pursuant to 28 U.S.C. § 455(a).  ECF No. 24.  As this matter has now been transferred and reassigned, the recusal motion is DENIED as moot.

On December 18, 2025, Plaintiffs filed a motion requesting that the clerk enter a certificate of default with respect to Defendants Bethany Perskie, Jacklyn Williams, Matthew Sollars, and Amy Loprest pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  ECF No. 15.  On December 18, 2025, counsel for defendants Perskie, Sollars, and Loprest filed a notice of appearance and moved for an order extending the deadline to respond to the Complaint.

ECF Nos. 16-17.  Defendant Williams subsequently appeared and filed a similar extension motion on December 23, 2025.  ECF Nos. 18-19.  The extension motions were granted on December 19, 2025, and December 23, 2025, respectively.  Defendants Perskie, Sollars, Loprest and Williams, along with Defendants the City of New York, the New York City Campaign Finance Board, and the New York City Department of Sanitation, timely filed a motion to dismiss the complaint or, in the alternative, to transfer venue, on January 20, 2026.  ECF No. 20. In addition to challenging personal jurisdiction and venue in the Western District of North Carolina, the motion to dismiss also challenged the complaint on grounds of (1) a lack of a short and plain statement under Rule 8; (2) res judicata; (3) statute of limitations (4) duplicative litigation; (5) immunity shielding defendants in their individual capacity; and (6) failure to plead municipal liability.  ECF No. 21 at 2.  The district court granted the motion to transfer without ruling on the motion to dismiss.  ECF No. 27.

In light of this procedural history, Plaintiffs' motion for entry of a certificate of default as to Perskie, Sollars, Loprest and Williams is DENIED.  *See, e.g.*, *Warren v. Cox*, No. 25-CV-6384 (JGLC), 2026 WL 396109, at *2 (S.D.N.Y. Feb. 12, 2026) ("It is well established that default judgments are disfavored and that the Second Circuit has expressed a clear preference for cases to be adjudicated on the merits." (cleaned up)).

Following the transfer to this Court, the City Defendants requested a stay of this litigation pending the outcome of a motion to dismiss in the case of *Nampiaparampil v. N.Y.C. Campaign Finance Board, et al.*, 23-CV-06391 (S.D.N.Y.), pending before the Honorable Edgardo Ramos. ECF No. 32.  The City Defendants argue that these matters arise from the same nucleus of facts, and thus the "first-to-file" rule applies.  *Id.*  Plaintiffs oppose the stay.  ECF No. 35.

The first-filed rule provides that "[w]here there are two competing lawsuits, the first suit

should have priority." *N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "The doctrine serves to avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments." *Santana v. Cavalry Portfolio Servs., LLC*, No. 19 CIV. 3773 (PAE), 2019 WL 6173672, at *2 (S.D.N.Y. Nov. 19, 2019). For the first-filed rule to apply, the claims and rights raised in the two actions must be substantially similar, but they need not be identical. *Id.* at *3; *see also Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120 VEC, 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (citing cases).

Having compared the pleadings in both cases, however, the Court declines to grant a stay pending the outcome of the matter before Judge Ramos. Both cases stem from Plaintiff Devi Nampiaparampil's campaign for Public Advocate in 2021, and both cases largely involve the same parties. In the instant action, however, Plaintiffs challenge certain of New York City's campaign finance laws that purportedly prevent them from using their own funds to retain an attorney to represent them in litigation involving the campaign. ECF No. 2 at 6-8. The only remaining claim in the case before Judge Ramos involves retaliation claims arising from a post-election audit. *Nampiaparampil*, 23-CV-06391 (S.D.N.Y.), ECF No. 45 at 14-17, 19.

The Court does have before it, however, a fully briefed motion to dismiss. In light of the substantial issues raised in that motion regarding the merits of the instant action, the Court finds good cause to stay discovery in this matter until after the Court has ruled on the pending dispositive motion. *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

The Clerk of the Court is respectfully directed to terminate ECF Nos. 15, 24, 32, and 35.

SO ORDERED.

Dated: April 14, 2026
   New York, New York

                 JEANNETTE A. VARGAS
                 United States District Judge